

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00281-CV

### IN THE INTEREST OF S.R., JR., A CHILD

**From the 278th District Court**
**Madison County, Texas**
**Trial Court No. 18-16060**

## MEMORANDUM OPINION

S.R., Sr. appeals from a judgment that terminated his parental rights to his son, S.R., Jr. TEX. FAM. CODE ANN. § 161.001(b). S.R., Sr. complains that the trial court violated his due process rights by failing to properly admonish him of his right to counsel in the early stages of this proceeding and by considering evidence at his second trial from the time he was erroneously not represented by counsel pursuant to this Court's opinion and judgment reversing this proceeding for a new trial and erred by failing to inquire whether he had reasonable notice of the trial. Because we find no reversible error, we affirm the judgment of the trial court.

The first trial in this proceeding was reversed by this Court due to the trial court's failure to properly admonish S.R., Sr. and the child's mother regarding their right to have

counsel appointed in the early stages of the proceeding, including the adversary hearing, the status hearing, and the first permanency hearing. *In re S.R., Jr.*, No. 10-19-00235-CV, 2019 WL 7374736, 2020 Tex. App. LEXIS 11277 (Tex. App.—Waco Dec. 31, 2019, pet. denied). We found that the evidence presented from those hearings and during the period of time in which the parents were not given the benefit of the assistance of counsel was harmful and reversed the proceeding for a new trial; however, no specific instructions were included in that opinion as to what was required other than a new trial. *See id*. The Texas Supreme Court denied the Department's petition for review, and this Court issued the mandate reversing the judgment and remanding this proceeding for a new trial on August 4, 2020. Prior to the issuance of the mandate, the trial court replaced S.R., Sr.'s appointed appellate counsel with the same trial counsel from the first trial on July 23, 2020. On August 6, 2020, the trial court set a pretrial hearing for August 13, 2020 and sent notice to the attorneys of record, including trial counsel for S.R., Sr. On August 13, 2020, S.R., Sr. did not appear; however, the docket sheet indicates that S.R., Sr.'s appointed counsel had spoken with S.R., Sr., who informed him that S.R., Sr. was no longer indigent and wanted to represent himself. However, the trial court refused to release S.R., Sr.'s appointed counsel because of the issues surrounding the failure to admonish and appoint counsel which led to the reversal of the first judgment. On the docket sheet for that date, the trial court noted that S.R., Sr. did not indicate to his counsel that the trial date was an issue. On August 13, 2020, the trial court also entered a formal order setting this proceeding for a pretrial hearing on September 17, 2020 and for a trial

on October 8, 2020. S.R., Sr. and his appointed counsel appeared at the pretrial hearing and the final trial. The docket sheet indicates that the procedures of the final trial were discussed, including S.R., Sr.'s ability to represent himself with the assistance of his appointed counsel and the trial court entered orders regarding witness and exhibit lists to be exchanged by the parties prior to trial.

The trial was conducted before the trial court on October 8 and 12, 2020. Caseworkers, both parents, the prospective adoptive mother, and the guardian ad litem testified at the trial. At the conclusion of the trial, the trial court took the matter under advisement and later issued a written ruling which granted the termination of parental rights as to both parents.

### FAILURE TO FOLLOW MANDATE

In his first issue, S.R., Sr. argues that his due process rights were violated by the trial court's failure to admonish him of his right to appointed counsel in the early stages of this proceeding and further by the trial court's failure to follow this Court's mandate which had found that the trial court erred by admitting evidence in the second trial from the periods of time when he was not represented by counsel. We have reviewed the record and it does not appear that S.R., Sr. raised this issue to the trial court during the second trial by the objection to the introduction of any such evidence to the trial court on this basis or a request or motion for the trial court to take any affirmative action relating to this error during the second trial. Under the rules of appellate procedure, a party must present to the trial court a timely request, motion, or objection, state the specific grounds

therefor, and obtain a ruling. TEX. R. APP. P. 33.1. Even constitutional claims such as this must be raised before the trial court or they are not preserved for appellate review. *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001). To preserve this issue for review, S.R., Sr. was required to object or raise this complaint to the trial court in the second trial but he did not.

In a termination case, "adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose." *In re L.M.I.*, 119 S.W.3d at 708. And "allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus '[promoting] the child's interest in a final decision and thus placement in a safe and stable home.'" *Id*. at 711 (*internal citations omitted*). Accordingly, we conclude the issue S.R., Sr. raises here was not properly preserved for our review. *Id*. We overrule S.R., Sr.'s first issue.

**NOTICE OF FINAL HEARING**

In his second issue, S.R., Sr. complains that the trial court erred by failing to inquire into whether or not he had reasonable notice of the trial setting for the second trial. S.R., Sr. argues that the record does not reflect that he personally received reasonable notice of the trial. Further, S.R., Sr. argues that because he stated several times that he did not fully understand the purpose of the hearing taking place during the trial, the trial court should have made an inquiry into whether or not S.R., Sr. had reasonable notice of the trial setting. On appeal, S.R., Sr. contends that the record does not affirmatively reflect that

he personally received reasonable notice of the trial setting. S.R., Sr. did not appear at the pretrial hearing on August 13, 2020, although his appointed counsel appeared and informed the trial court that S.R., Sr. wished to represent himself. However, the trial court refused to allow his appointed counsel to withdraw. The record reflects that notice of the final hearing was sent to S.R., Sr.'s appointed counsel when he was first appointed on July 24, 2020 and again on August 13, 2020.

At the final hearing, the trial court inquired as to preliminary matters and had an extended discussion with S.R., Sr. regarding his desire to represent himself and that the trial court had previously explained that he would be required to follow the rules of evidence and procedure in the same way an attorney would. S.R., Sr. indicated that he was not fully informed as to why he was there and that he was not ready because he could not follow the rules like an attorney. He had filed several documents prior to trial seeking to rescind his agreement or contract with the Department, questioning the trial court's jurisdiction, and making claims for monetary damages and for the return of his "property," the child. The trial court addressed and overruled his jurisdictional claims and contentions that he was not ready to proceed.

In his brief, S.R., Sr. cites to Rule 245 of the Rules of Civil Procedure, which requires "reasonable notice of not less than forty-five days" for a first setting for trial. Tex. R. Civ. P. 245. S.R., Sr. further cites to and contends that this notice must have been sent pursuant to Rule 21a of the Rules of Civil Procedure which must be served on a party if he is pro se, or his attorney. TEX. R. CIV. P. 21a.

On appeal, S.R., Sr. does not argue that he was not represented by counsel at the time the final hearing was set by the trial court nor does he complain that he received ineffective assistance of counsel by his trial counsel's failure to timely inform him of the nature of the trial. S.R., Sr. has presented no authority in support of his contention to show that the trial court failed to comply with any alleged duty to inquire regarding notice. Nor do we find that the trial court has erred. We overrule issue two.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed March 3, 2021
[CV06]

